UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

EDIT GONCZI,

    Plaintiff,

vs.

HOLLYWOOD BEACH, LLC,
a Florida limited liability company,

                                                  **Jury Trial Demanded**

    Defendant.
_____/

# COMPLAINT

The plaintiff, EDIT GONCZI, by her undersigned attorney, makes the following Complaint against the defendant, HOLLYWOOD BEACH, LLC:

1. This is an action to redress violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stats. § 760.01 *et seq*.

## Parties

2. The plaintiff, Edit Gonczi ("Gonczi"), is and at all times relevant to this Complaint was an adult resident of Florida.

3. The defendant, Hollywood Beach, LLC ("Hollywood Beach") is a limited liability company organized and doing business pursuant to the laws of the State of Florida with a principal place of business in Delray Beach, Florida.

4. At all times relevant to this Complaint, Hollywood Beach had 15 or more employees on each working day in each of 20 or more calendar weeks.

## Jurisdiction and Venue

5. Plaintiff's claims to redress violations of Title VII arise under federal law. This court has jurisdiction of those claims pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1331.

6. This court has supplemental jurisdiction of Plaintiff's claims arising under the FCRA pursuant to 28 U.S.C. § 1367 because the federal and state claims are so related that they form part of the same case or controversy.

7. The claims asserted in this action arose within this district and the alleged statutory violations occurred in this district. Venue of this action is proper pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1391.

## Procedural Requirements

8. Gonczi filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") on or about February 18, 2020 alleging sex discrimination (sexual harassment) and retaliation by Hollywood Beach. The Charge of Discrimination was cross-filed with the Florida Commission on Human Relations. The Charge of Discrimination alleged facts giving rise to the same claims brought in this action. The EEOC assigned charge number 510-2020-02580 to Gonczi's administrative proceeding.

9. The EEOC issued and mailed a Notice of Right to Sue letter with regard to Gonczi's Charges of Discrimination on or about May 7, 2020. A copy of the Notice is attached as Exhibit A.

10. Gonczi commenced this action within 90 days of the EEOC's issuance and mailing of its Notice of Right to Sue.

11. All other conditions precedent to the filing of this action have been performed or waived.

## General Allegations

12. Gonczi is a female.

13. At all times relevant to this Complaint, Hollywood Beach operated a hotel and related amenities in Delray Beach, including a hotel restaurant.

14. Beginning in approximately 2009 and until her resignation in approximately March 2020, Hollywood Beach employed Gonczi as a server in its hotel restaurant.

15. Gonczi consistently performed her job duties to the satisfaction of her employer.

16. On a regular and frequent basis during the course of Gonczi's employment, Gonczi's male supervisor, Food and Beverage Director John Naughton, made sexual advances to Gonczi and communicated that she would lose her job or would be denied favorable employment opportunities if she did not comply with his wishes.

17. On a regular and frequent basis during the course of Gonczi's employment, Naughton touched Gonczi on the buttocks despite being told that he should keep his hands to himself.

18. On a regular and frequent basis during the course of Gonczi's employment, Naughton subjected Gonczi to sex-based remarks that were offensive, degrading, and insulting, including but not limited to:

   a. sitting at the bar with friends and making sexual comments about the physical attributes of female servers;

   b. telling a female server that she should wear a tighter shirt so he could see her nipples;

   c. commenting that he needed to go to the beach to check out two off-duty female employees to see which one had bigger boobs;

        d.    telling Gonczi in a text that she was a good woman because she was home cooking and cleaning; and

        e.    telling Gonczi in a text that he hoped she was doing her chores naked.

19. Naughton's above-described behavior was so severe and pervasive that it created a hostile, intimidating, and abusive work environment that made it substantially more difficult for Gonczi to perform her work.

20. Gonczi did not welcome or invite any of Naughton's above-described conduct and she made it clear to Naughton that his conduct was unwelcome.

21. Although Naughton's conduct was unwelcome, Gonczi tolerated it because she needed income and feared that she would lose her job if she reported his sexual harassment.

22. When in 2019 Gonczi finally told Naughton that he was engaging in unlawful sexual harassment and needed to stop, he retaliated by finding fault in Gonczi's job performance where none existed, imposing unwarranted discipline upon her, and giving her less favorable job assignments that resulted in a reduction of her tip income.

23. On or about November 25, 2019, Gonczi made a written complaint of sexual harassment to the management of Hollywood Beach.

24. After conducting a sham investigation of Gonczi's sexual harassment investigation, Hollywood Beach's General Manager and HR Manager falsely advised Gonczi on December 18, 2019 that no sexual harassment had ever occurred. Hollywood Beach did not act in good faith in reaching that conclusion but instead acted to protect its management-level employees, including Naughton.

25. In response to and because of Gonczi's complaint of sexual harassment, Hollywood Beach regularly took adverse actions against Gonczi that continued until her resignation in March 7, 2020, including but not limited to:

    a. assigning her to work a 13-hour Thanksgiving shift with no break;

    b. making unwarranted complaints about her job performance;

    c. assigning her to extra duties that were not assigned to other servers;

    d. giving scrutiny to her job performance that it did not give to other servers;

    e. alleging that customers had complained about her service when no such complaints were made;

    f. changing her schedule to require her to work at the pool on consecutive weeks in violation of preexisting scheduling policy, resulting in a reduction of her tip income;

    g. assigning Gonczi to tables where customers were less likely to sit, resulting in a reduction of her tip income;

    h. reducing Gonczi's hours and sending her home early, resulting in a reduction of her wages and tips.

### First Claim: Sexual Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2)

26. Gonczi realleges and incorporates the allegations made in paragraphs 1 to 25 of this Complaint.

27. Gonczi was sexually harassed in her workplace because of her gender.

28. The sexual harassment that Gonczi experienced created a hostile work environment that unreasonably interfered with her work performance.

29. Gonczi was subjected to quid pro quo sexual harassment at her workplace when her supervisor threatened to condition terms and conditions of her employment, including future employment opportunities, on Gonczi's willingness to provide sexual favors to him.

30. Hollywood Beach was aware that Gonczi was being victimized by sexual harassment and that the sexual harassment was creating a hostile work environment, but took no effective action to correct the problem.

31. Hollywood Beach's participation in and tolerance of sexual harassment of Gonczi was an unlawful employment practice that violated 42 U.S.C. § 2000e-2(a).

32. The sexual harassment of Gonczi by Hollywood Beach was intentional, outrageous, and malicious.

33. As a direct, substantial, and proximate result of the sexual harassment described in this Complaint, Gonczi suffered a loss of wages, tips and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Second Claim: Sexual Harassment in Violation of FCRA
### (Fla. Stat. § 760.10(1))

34. Gonczi realleges and incorporates the allegations made in paragraphs 1 to 25 of this Complaint.

35. Gonczi was sexually harassed in her workplace because of her gender.

36. The sexual harassment that Gonczi experienced created a hostile work environment that unreasonably interfered with her work performance.

37. Gonczi was subjected to quid pro quo sexual harassment at her workplace when her supervisor threatened to condition terms and conditions of her employment,

including future employment opportunities, on Gonczi's willingness to provide sexual favors to him.

38. Hollywood Beach was aware that Gonczi was being victimized by sexual harassment and that the sexual harassment was creating a hostile work environment, but took no effective action to correct the problem.

39. Hollywood Beach's participation in and tolerance of sexual harassment of Gonczi was an unlawful employment practice that violated Fla. Stat. § 760.10(1)(a).

40. The sexual harassment of Gonczi by Hollywood Beach was intentional, outrageous, and malicious.

41. As a direct, substantial, and proximate result of the sexual harassment described in this Complaint, Gonczi suffered a loss of wages, tips, and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Third Claim: Retaliation in Violation of Title VII
### (42 U.S.C. § 2000e-3)

42. Gonczi realleges and incorporates the allegations made in paragraphs 1 to 25 of this Complaint.

43. Gonczi engaged in activity protected by Title VII by opposing unlawful discrimination each time she complained to her supervisor and Hollywood Beach management about sexual harassment in her workplace.

44. Gonczi made her complaints in the good-faith belief that the harassment she experienced constituted unlawful sex discrimination.

45. Hollywood Beach discriminated against Gonczi in violation of 29 U.S.C. § 2000e-3(a) by taking adverse actions against her because she engaged in the protected activity described above.

46. Hollywood Beach's retaliation against Gonczi because she engaged in protected activity was intentional, outrageous, and malicious.

47. As a direct, substantial, and proximate result of Hollywood Beach's retaliation, Gonczi suffered a loss of wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

## Fourth Claim: Retaliation in Violation of FRCA
### (Fla. Stat. § 760.10(7))

48. Gonczi realleges and incorporates the allegations made in paragraphs 1 to 25 of this Complaint.

49. Gonczi engaged in activity protected by the FCRA by opposing unlawful discrimination each time she complained to her supervisor and Hollywood Beach management about sexual harassment in her workplace.

50. Gonczi made her complaints in the good-faith belief that the harassment she experienced constituted unlawful sex discrimination.

51. Hollywood Beach discriminated against Gonczi in violation of Fla. Stat. § 760.10(7) by taking adverse actions against her because she engaged in the protected activity described above.

52. Hollywood Beach's retaliation against Gonczi because she engaged in protected activity was intentional, outrageous, and malicious.

53. As a direct, substantial, and proximate result of Hollywood Beach's retaliation, Gonczi suffered a loss of wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

## Relief Requested

WHEREFORE, Plaintiff Edit Gonczi requests the entry of judgment against Defendant Hollywood Beach, LLC as follows:

a. For an award of lost wages, tips and benefits in an amount to be determined at trial;

b. For an award of compensatory damages in an amount to be determined at trial;

c. For an award of punitive damages in an amount to be determined at trial;

d. For an award of actual costs and a reasonable attorney's fee as authorized by Fla. Stat. § 760.11(5) and 29 U.S.C. § 2000e-5(k); and

e. For such other and further relief as is just and necessary.

**Plaintiff demands a trial by jury.**

Dated: June 18, 2020
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*